# IN  THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KENNETH S. COBEY, # 185-525, :

  Plaintiff :

  v. : CIVIL ACTION NO. PX-16-3878

DEPARTMENT OF PUBLIC SAFETY :
 and CORRECTIONAL SERVICE
  DIVISION OF CORRECTIONS- :
  MARYLAND
WEXFORD HEALTH SOURCES, INC.[1] :
CORRECTIONAL MEDICAL SERVICES,
 INC.[2] :
 EASTERN CORRECTIONAL
  INSTITUTION – West :
DR. OTEYZA
MRS. TABLOW, Physician's Assistant :
LT. HARRIS, MCI-J
KATHLEEN GREEN, Warden ECI-W :
MR. WOLF, ECI-W
MR. MOYER, Secretary, DOC Maryland :
DAYENA M. CORCORAN, Commissioner,
 MD. :
MICHAEL J. ZEIGLER, Operations, DOC
 MD. :

  Defendants :

## MEMORANDUM

  Kenneth S. Cobey, a Maryland Division of Correction ("DOC") prisoner currently confined at Eastern Correctional Institution ("ECI") in Westover, Maryland, has filed a civil rights complaint under 42 U.S.C. § 1983, seeking injunctive relief mandating his failing hip replacement be examined by an "outside" specialist so that surgery can be scheduled.  ECF 1 at p. 4.  Cobey, who is self-represented, alleges that he has submitted sick call slips concerning his

---

[1] The Clerk shall amend the docket to reflect the proper identity of this corporate defendant.

[2] The proper identity of the corporate defendant known as "CMS" is Correctional Medical Services, Inc.

condition since 1996, and received a left hip total arthroplasty due to acute avascular necrosis on

November 1, 2004.  ECF 1 at p. 2, ¶¶10-11, 13.  Cobey's Motion for Leave to Proceed In Forma

Pauperis (ECF No. 2) will be provisionally granted pending computation of his initial partial

filing fee pursuant to 28 U.S.C. ' 1915(a)(2).  For reasons set forth herein, his civil rights claim

under the Eighth Amendment shall proceed solely against Defendants Oteyza and Tablow, and

he will be required to supplement his Complaint should he wish to pursue his claim of retaliation

against Defendant Harris or his claim of supervisory liability against Defendants Green, Wolf,

Moyer, Corcoran, and Zeigler.

Cobey's Complaint, postmarked November 28, 2016 (ECF 1-1 at p. 2), alleging Eighth

Amendment claims of medical neglect going back 20 years, was received for filing on November

30, 2016.[3]  While § 1983 provides a federal cause of action under the Eighth Amendment for the

denial of medical care, it "looks to the law of the State in which the cause of action arose" for the

applicable statute of limitations.  It adopts "that which the State provides for personal-injury

torts."  *Wallace v. Kato,* 549 U.S. 384, 387 (2007), citing *Owens v. Okure,* 488 U.S. 235, 249-

250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985).  In Maryland the applicable

statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc.

Code Ann. ' 5-101.  Thus, in assessing Cobey's claims, this court will examine incidents

occurring on or after November 28, 2013, three years prior to the date of filing.

Under § 1983, liability is imposed on "any person who shall subject, or cause to be

subjected, any person . . . to the deprivation of any rights...."  42 U.S.C. § 1983.  A private

corporation is not liable under § 1983 for actions allegedly committed by its employees when

---

[3] The postmarked date, indicating the Complaint was given to prison authorities on November 28, 2016, shall be deemed the filing date.  *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

such liability is predicated solely upon a theory of *respondeat superior.  See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services,* 316 Fed. Appx. 279, 282 (4th Cir. 2009).   Medical personnel such as Dr. Oteyza and Physician's Assistant Tablow may be held responsible for failing to provide treatment under the civil rights statute; Wexford Health Sources, Inc ("Wexford") and Correctional Medical Services, Inc. ("CMS"), corporate entities, may not, on the claims asserted here.  Wexford and CMS shall be dismissed from this action.[4]

Similarly, because it is sued under § 1983, Defendant Department of Public Safety and Correctional Services ("DPSCS") is entitled to dismissal because it is not a "person" subject to suit under 42 U.S.C. § 1983.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Clerk v. Md. Dep't of Public Safety and Corr. Services,*  316 Fed. Appx. 279 (4th Cir. 2009); *Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 728 (4th Cir. 1999).

Cobey also names his current place of confinement, the Eastern Correctional Institution ("ECI") as a Defendant.  A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983.  *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v.*

---

[4] CMS personnel would be entitled to dismissal on statute of limitations grounds.  CMS personnel provided direct medical services to prisoners from July 1, 2005 through June 30, 2012.  During this period, Wexford served as the utilization review management provider in connection with the delivery of health care to Maryland prisoners.  *See Cason v. Wexford Health Sources, Inc.,* Civil Action No. CCB-14-482 (D. Md.), ECF 7-3, Affidavit of Colin Ottey, M.D.  On July 1, 2012, pursuant to a contract with the State of Maryland, Wexford became both the medical contractor and utilization review services provider for Maryland prisoners.  *Id.* To the extent that Defendants Oteyza and Tablow provided health care to Cobey while they were employed by CMS, Cobey's claims against them would be barred as outside the limitations period. To the extent that Oteyza and Tablow provided care while employed by Wexford, Cobey's claims against them must arise on or before November 28, 2013.

*Pembroke City Jail*, 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The § 1983 claim against ECI is subject to dismissal.

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* also does not apply to supervisory personnel in '1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under '1983). Liability of supervisory officials Ais not based on ordinary principles of *respondeat superior*, but rather is premised on >a recognition that supervisory indifference or tacit authorization of subordinates= misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.=@ *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).

Supervisory liability under ' 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff; (2) the supervisor=s response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor=s inaction and the particular constitutional injury suffered by the Plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

While Cobey suggests that "he made high ranking officials aware of his medical situation, and filed proper remedy procedures and complaints [sic] forms," ECF 1 at p. 4, ¶ 24, he does not specify who received those forms and when the forms were sent.  To the extent that he seeks to impose liability on ECI Wardens Green and Wolf, Secretary Moyer, Commissioner

Corcoran or Operations Manager Zeigler, Cobey must supplement his Complaint to provide this and/or other information supporting his claim.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and scrutiny under the Eighth Amendment "is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003).  In the context of delay or denial of medical care, an Eighth Amendment violation arises when the actions of a defendant, or the failure to act, amount to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Cobey's allegations appear to meet this standard, and Defendants Oteyza and Tablow must respond.

Cobey requests appointment of counsel.  ECF 3.  A federal district court judge=s power to appoint counsel under 28 U.S.C. ' 1915(e)(1),[5] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id.*

---

[5] Under ' 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

At this early stage in the proceeding, it is impossible to ascertain whether appointment of counsel will be warranted.  For that reason, the Motion will be dismissed without prejudice, subject to renewal in the future.

This case shall proceed against Defendants Oteyza and Tablow as a civil rights action alleging a failure to provide adequate and appropriate medical care in violation of the Eighth Amendment.  Plaintiff shall be granted an opportunity to supplement his Complaint to provide more information as to his claim of retaliation against Defendant Harris and his claim of supervisory liability against Defendants Green, Wolf, Moyer, Corcoran and Zeigler.   A separate Order shall be entered in accordance with this Memorandum.

12/14/16                                                              /S/
Date                                                           Paula Xinis
                                                               United States District Judge